**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Regina M. Rodriguez**

Civil Action No. 1:18-cv-02213-RMR-KAS

STACIE CULP,

Plaintiff,

v.

REMINGTON OF MONTROSE GOLF CLUB, LLC,

Defendant.

---

**ORDER ON MOTION FOR ATTORNEY FEES AND EXPENSES AND MOTION FOR POST-JUDGMENT INTEREST**

---

This matter comes before the Court on Plaintiff's Motion for Attorneys' Fees and Expenses, ECF No. 225, and Plaintiff's Unopposed Motion for Post-Judgment Interest, ECF No. 226. Plaintiff seeks an award in the amount of $303,640.42 in fees and $42,742.05 in expenses, as well as post-judgment interest.[1] *Id*. For the reasons stated herein, the Motion for Attorneys' Fees and Expense is GRANTED IN PART and DENIED IN PART. The Motion for Post-Judgment Interest is GRANTED.

[1] Plaintiff initially requested an award in the amount of $312,056.67 in fees and $44,959.00 in expenses. However, in reply, Plaintiff reduced the requested award. ECF No. 235 at 10, 12-14, 16.

## I. BACKGROUND

Plaintiff and Stephanie Peters ("Peters") initiated this action against Defendant in 2018, asserting claims for hostile work environment (sexual harassment) and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e *et seq.* ("Title VII"), and the Colorado Anti-Discrimination Act, C.R.S. §§ 24-34-301 *et seq.* ("CADA"), as well as related negligent supervision and retention claims under state law.

A five-day jury trial began on September 25, 2023. As to Plaintiff, the jury found Defendant not liable on any of the claims but nevertheless awarded Plaintiff $125,000 in punitive damages. ECF No. 180. Given the inconsistency of the verdict, Plaintiff moved for entry of judgment in her favor. ECF No. 184. The Court denied the motion, ECF No. 190, entered final judgment, ECF No. 191, and Plaintiff appealed.

The Tenth Circuit vacated the jury's verdict on Plaintiff's Title VII and CADA claims and remanded the case to this Court for a new trial on those claims. ECF Nos. 208, 209. On remand, Plaintiff sought non-economic and punitive damages from Defendant for her surviving claims. The parties subsequently stipulated to entry of judgment in Plaintiff's favor for the maximum recoverable amount of $50,000. ECF Nos. 220, 222. Thus, the Court entered final judgment in favor of Plaintiff and against Defendant in that amount. ECF No. 223. Plaintiff now seeks attorneys' fees and expenses and post-judgment interest. ECF Nos. 225, 226.

## II. APPLICABLE LAW

Both Title VII and CADA permit the Court to award reasonable attorneys' fees and costs to a prevailing plaintiff. *See* 42 U.S.C. § 2000e-5(k); C.R.S. § 24-34-405(5). "[T]o obtain attorney's fees, a claimant must prove two elements: (1) that the claimant was the 'prevailing party' in the proceeding; and (2) that the claimant's fee request is 'reasonable.' " *Flitton v. Primary Residential Mortg., Inc.*, 614 F.3d 1173, 1176 (10th Cir. 2010) (quoting *Robinson v. City of Edmond*, 160 F.3d 1275, 1280 (10th Cir. 1998)).

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Where, as here, the prevailing party succeeds on only some of her claims, the Court also considers whether the plaintiff's successful and unsuccessful claims were related and whether the plaintiff's overall level of success justifies a fee award based on the hours expended by plaintiff's counsel. *Id.* at 434. "The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 832–33 (2011).

## III. ANALYSIS

### A. Entitlement to Attorneys' Fees

Although Plaintiff did not succeed on all her claims, she prevailed on a significant issue and obtained some of the relief she sought. She is therefore a prevailing party

eligible to recover attorneys' fees under Title VII and CADA. *See* U.S.C. § 2000e-5(k); C.R.S. § 24-34-405(5); *Hensley*, 461 U.S. at 433 (party may be deemed prevailing party if she succeeds on any "significant issue in litigation which achieves some of the benefit the parties sought in bringing suit."). Defendant concedes as much but argues that Plaintiff may not recover the fees and costs incurred in her Tenth Circuit appeal. The Court agrees.

The Tenth Circuit has "established a general rule that in order for a prevailing party to obtain appeal-related fees, 'an application for [such] fees must first be made to [the appellate] court.' " *Flitton v. Primary Residential Mortg., Inc.*, 614 F.3d 1173, 1179 (10th Cir. 2010) (quoting *Hoyt v. Robson Cos., Inc.*, 11 F.3d 983, 985 (10th Cir. 1993)). In *Crumpacker v. Kan. Dep't of Human Res.*, the Tenth Circuit recognized a narrow exception for fees incurred in a successful interlocutory appeal. 474 F.3d 747, 756-57 (10th Cir. 2007). Under that exception, "parties who prevail on interlocutory review in this court, and who subsequently become prevailing parties under Title VII or another fee-shifting provision at the conclusion of merits proceedings, are implicitly entitled to reasonable attorneys' fees related to the interlocutory appeal." *Id.*

Plaintiff did not seek appellate fees from the Tenth Circuit. Nevertheless, Plaintiff argues the *Crumpacker* exception permits her to seek them here. The Court disagrees because Plaintiff did not prevail on an interlocutory appeal. The Court's order denying Plaintiff's motion for judgment in her favor, together with the final judgment, disposed of all claims and ended the case in this Court. *See* ECF Nos. 190, 191; *Amazon, Inc. v. Dirt

*Camp, Inc.*, 273 F.3d 1271, 1275 (10th Cir. 2001) ("[W]here the dismissal finally disposes of the case so that it is not subject to further proceedings in federal court, the dismissal is final and appealable*."); In re Nat. Gas Royalties Qui Tam Litig*., 845 F.3d 1010, 1025 (10th Cir. 2017) (finding *Crumpacker* exception inapplicable because appeal was from final order dismissing all claims and was therefore not an interlocutory appeal). The Tenth Circuit's subsequent reversal and remand did not retroactively render Plaintiff's appeal interlocutory.

Plaintiff's reliance on *Rodriguez v. Wet Ink, LLC*, No. 08-CV-00857-MSK-CBS, 2014 WL 287339, at *8 (D. Colo. Jan. 27, 2014), does not alter that conclusion. In a footnote, *Rodriguez* permitted the plaintiff to recover the associated fees from the interlocutory appeal of a prior dismissal, applying the *Crumpacker* exception. *Id.* at *8 n.9. As explained above, Plaintiff's appeal of the denial of her motion for judgment was not an interlocutory appeal. And even if *Rodriguez* is read as providing some support for Plaintiff's position, it is a nonbinding order and predates the Tenth Circuit's decision in *In re Natural Gas Royalties*, which declined to apply *Crumpacker* to an appeal from a final order dismissing all claims. 845 F.3d at 1025. Accordingly, the *Crumpacker* exception does not apply here.

Finally, Plaintiff acknowledges that the Court is bound by Tenth Circuit precedent but argues, to preserve the issue for appeal, that the Tenth Circuit's characterization of the rule as a jurisdictional requirement is contrary to Supreme Court precedent. ECF No. 235 at 3 n.2, 5-6. Whatever force that argument may have, this Court must follow

controlling Tenth Circuit precedent. The Court therefore concludes it lacks authority to award the appellate fees Plaintiff did not first request from the Tenth Circuit. The parties dispute the correct amount of appeal-related fees. Defendant calculates that Plaintiff seeks $82,308.50 for 223.85 hours of appeal-related work. ECF No. 231 at 5. Plaintiff represents that her appeal-related fees total $63,515.19 ($74,723.75 for 202.47 hours of appeal-related work with the 15% across-the-board reduction). ECF No. 235 at 6-7. Upon review, the Court agrees with Plaintiff's calculation. Accordingly, the Court will exclude the appeal-related fees totaling $63,515.19 from Plaintiff's attorneys' fees award.

**B. Reasonable Hours Expended**

The first step in calculating a fee award is to determine the number of hours reasonably spent by counsel for the party seeking the fees. The burden of proof lies with the party seeking fees. *Hensley*, 461 U.S. at 437. In determining what is a reasonable time in which to perform a given task, an attorney submitting billing entries should consider the following factors: (1) the complexity of the case; (2) the number of reasonable strategies pursued; (3) the responses necessitated by the maneuvering of the other side; and (4) "the potential duplication of services" caused by the presence of multiple attorneys when one would suffice. *Reg'l Dist. Council v. Mile High Rodbusters, Inc.*, 82 F. Supp. 3d 1235, 1246 (D. Colo. 2015) (citing *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983)). The court then exercises its discretion to determine whether the attorney exercised appropriate billing judgment. *Reg'l Dist. Council.*, 82 F. Supp. 3d at 1245. Once the district

court determines the lodestar, it may "adjust the lodestar upward or downward to account for the particularities" of the work performed. *Id.*

Defendant argues Plaintiff's fees should be "significantly reduced both because it is impossible to determine the reasonableness of many of the requested hours, and because many of the decipherable time entries are not reasonable." ECF No. 231 at 5-6. Plaintiff has attempted to voluntarily pare down the request, eliminating $29,967.50 worth of entries reflecting duplicative work, excessive time, work relating specifically to former Plaintiff Peters, work on the unsuccessful claim, and work concerning the economic damages Culp did not pursue. ECF No. 225 at 11. Plaintiff further reduced the remaining fees by 10% for failing to achieve complete success in the litigation, and an additional 5% because some entries were block billed or overly vague. *Id.* These reductions resulted in the total requested amount of $312,056.67. *Id.* at 11, 17. In reply, Plaintiff agreed to five additional reductions totaling $8,416.25 for vague entries, clerical printing work, commute-type travel, duplicative trial work, and entries reflecting time spent by attorneys familiarizing themselves with the case. ECF No. 235 at 11, 13-15. Accordingly, Plaintiff's current fee request is $303,640.42.

The Court recognizes that Plaintiff has exercised some billing judgment by eliminating a significant amount of fees from her request. While meaningful, the Court finds that Plaintiff's reductions do not fully account for the remaining vague and duplicative entries and entries related to clerical work and travel time. For example, Plaintiff submitted vague descriptions such as "quarterly review," "discuss case," "review filings," "review

discovery," and "review case," as well as entries for calls, emails, and conferences that do not identify their subject matter or participants. *See* ECF No. 225-13. These types of vague entries do not permit the Court to determine whether the time was reasonable or necessary. *Watson v. Dillon Companies, Inc.*, No. 08-CV-00091-WYD-CBS, 2013 WL 4547521, at *3 (D. Colo. Aug. 28, 2013) (finding reduction in fees appropriate where entries contained vague, general descriptions such as "research," "review discovery," and "conference for staff.").

Further, while the use of multiple attorneys is not inherently unreasonable given the length of the litigation, the record reflects some unreasonable duplication and inefficiency. *See Robinson v. City of Edmond*, 160 F.3d 1275, 1285 n. 10 (10th Cir. 1998) ("The term duplicative in the context of attorney's fees requests usually refers to situations where more than the necessary number of lawyers are present for a hearing or proceeding or when multiple lawyers do the same task. The more lawyers representing a side of the litigation, the greater the likelihood will be for duplication of services.") (internal citation and quotation omitted). For example, several attorneys and paralegals attended or observed substantial portions of the trial without an adequate explanation of their distinct contributions, including over 24 hours billed by Benjamin Meade ("BPM"), a third attorney at trial, primarily for "observing and analyzing" the proceedings. ECF No. 225-13 at 56-63. And the record further reflects time spent by multiple attorneys familiarizing themselves with the case or providing advice despite not being otherwise directly involved

in the case. *See, e.g.*, *id.* at 27, 29, 34, 43-44, 47, 67, 69 (entries for time spent "discussing" various issues without further explanation).

The Court also finds a deduction is appropriate for excessive travel time billed at full rates. While Plaintiff is correct that travel time is compensable, there are significant entries for full rate fees that warrant reduction, including entries reflecting travel to and from depos, driving "from eagle [sic] to GJ due to mud slide," and entries for "walking from hotel to car and driving home." *See id.* at 20, 42, 59. *See Anchondo v. Anderson, Crenshaw & Assocs., L.L.C.*, 616 F.3d 1098, 1106 (10th Cir. 2010) (recognizing travel time is compensable, but "a trial court has discretion to apply a reduced hourly rate if the time is otherwise unproductive."). Reduction is also justified given entries for clerical or administrative work. Entries such as "set up file," "open case," "download dep," "look up contact info," "helping w binders," "e-filing," "organize file dl," and "docket items and review filings," are clerical or administrative tasks that are not compensable. *See Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989) (citation omitted) (finding "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them.").

Defendant also argues that Plaintiff's fee award should be substantially reduced because she obtained limited success. The Court does not find such a reduction appropriate. Although she did not prevail on every claim asserted in the litigation, Plaintiff already took the unsuccessful negligent supervision and retention claim into account when reducing her fee request. Moreover, the claims were based on a common core of

facts. *Jane L. v. Bangerter*, 61 F.3d 1505, 1512 (10th Cir. 1995) ("We have refused to permit the reduction of an attorneys fee request if successful and unsuccessful claims are based on a 'common core of facts.' "). And although Plaintiff did not recover the full amount of requested fees, the Court finds her $50,000 award to be a substantial recovery under the circumstances. *See Hensley*, 461 U.S. at 435 n. 11, 103 S.Ct. 1933 ("Nor is it necessarily significant that a prevailing plaintiff did not receive all the relief requested."). The Court declines to impose a further reduction on this basis.

For the foregoing reasons, the Court finds that not all hours incurred by Plaintiff were reasonable and will adjust as detailed below. *See Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1203 (10th Cir. 1986) (district court need not identify and justify every hour allowed or disallowed, as doing so would run counter to the Supreme Court's warning that a "request for attorney's fees should not result in a second major litigation.") (quoting *Hensley*, 461 U.S. at 437, 103 S.Ct. at 1941)).

### C. Reasonable Hourly Rates

A "reasonable rate" is defined as the prevailing market rate in the relevant community for an attorney of similar experience. *Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002); *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996). The party requesting fees bears "the burden of showing that the requested rates are in line with those prevailing in the community." *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1998). In order to satisfy this burden, Plaintiff must produce "satisfactory evidence—in addition to the attorney's own affidavits—that

the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

Plaintiff requests an hourly rate of $400 for Mr. Killian, $375 for Mr. Davis and Mr. Mayle, and $250 for Mr. Azbell, Mr. Fredenburg, Mr. Meade, and Ms. Keith. ECF No. 225 at 7-10. Mr. Killian, who served as lead counsel in this case, founded his firm in 1991, is a former president of the Colorado Trial Lawyers Association, and has represented plaintiffs in tort, employment, and civil rights litigation. ECF No. 235-2. Mr. Davis, a shareholder, advised on legal matters and motions practice and has been practicing with Killian Davis since 2002. ECF No. 225-1. Mr. Mayle, a former shareholder, was lead counsel on the case prior to his departure from the firm. ECF No. 235-4. He has been practicing since 2006 and has worked on plaintiff's civil litigation matters, focusing on employment discrimination, wage and hour cases, and tort litigation during his entire career. *Id.* Mr. Azbell began practicing law in 2005 as an Assistant U.S. Attorney and defended the U.S. in employment discrimination cases before switching to private practice in 2012 to represent plaintiffs in employment, wage and hour, and tort suits. ECF No. 225-5. Mr. Fredenburg began practicing law in 2005 and worked for Killian Davis almost straight out of law school, where he represented plaintiffs in a variety of contexts and in 2023 had his own case load acting as lead counsel. ECF Nos. 225-1, 225-6. Mr. Meade began practicing law in 2008 and clerked at the Colorado Court of Appeals and Colorado Supreme Court for several years, and his primary role in the case was legal

research and motions practice. ECF Nos. 225-8, 225-9. Ms. Keith has been practicing law since 2003 and has experience in non-profit and government work and second chaired this case until her departure from the firm. ECF No. 225-10. Plaintiff further seeks a uniform hourly rate of $100 for paralegal work.

Defendant does not challenge the reasonableness of Plaintiff's counsels' hourly rates and the Court finds that they are reasonable given the prevailing market rates. The average Colorado hourly rate for a partner is approximately $542 as calculated by the National Law Journal. *See Lieberenz v. Bd. of Cnty. Comm'rs of Cnty. of Saguache, Colo.*, No. 21-cv-00628-NYW-NRN, 2026 WL 884937, at *11 (D. Colo. Mar. 31, 2026). For an associate, the average hourly rate in Colorado is between $347 and $384 according to the National Law Journal. *See id.* at *12. And the proposed $100 rate for paralegals is "well within the reasonable rates set by courts in this District." *Lieberenz v. Bd. of Cnty. Commissioners of Cnty. of Saguache, Colorado*, No. 21-CV-00628-NYW-NRN, 2026 WL 884937, at *12 (D. Colo. Mar. 31, 2026) (approving hourly rate ranging from $100 to $200 for paraprofessionals) (collecting cases).

**D. Lodestar Amount**

In sum, the Court finds Plaintiff's attorneys' hourly rates reasonable but finds that not all hours spent were reasonable. Taking into consideration that the amounts have already been discounted by Plaintiff, the Court finds an additional 10% reduction is warranted. *See McLaughlin Group, Inc., & Vac-Tron Equipment, LLC, v. American Manufacturing & Machine, Inc.*, No. 20-CV-03531-PAB-TPO, 2026 WL 2407801, at *5 (D.

Colo. Aug. 17, 2026) (applying 10% reduction to account for excessive hourly rates and deficiencies in provided billing records); *Auraria Student Hous. at the Regency, LLC v. Campus Vill. Apartments, LLC*, No. 10-cv-2516-WJM-KLM, 2016 WL 8458776, at *7 (D. Colo. Aug. 5, 2016), *vacated on other grounds*, 2017 WL 345664 (D. Colo. Jan. 24, 2017) ("The Court will exercise its discretion to reduce the overall award of attorneys fees by 7.5% . . . ., on account of the concerns described above with Plaintiff's documentation and showing that all the hours billed were in fact reasonably expended"). After subtracting the $63,515.19 in appeal-related fees, the resulting total requested fee amount is $240,125.23. Applying the 10% reduction, the Court awards Plaintiff $216,112.71 in attorneys' fees.

**E. Expenses**

Plaintiff also seeks $42,742.05 in expenses incurred in connection with this matter. "Reasonable expenses incurred in representing a client in a civil rights case should be included in the attorney's fee award if such expenses are usually billed in addition to the attorney's hourly rate." *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1257 (10th Cir. 1998). Defendant does not object to the majority of Plaintiff's claimed expenses but argues that Plaintiff should not recover her jury consultant and mock trial expenses and Plaintiff's claimed travel expenses should be reduced.

The Court first excludes $4,304.68 in appellate expenses, which, as explained above, are not recoverable without first having been requested from the appellate court.

This includes the trial transcript ordered for the appeal, preparation of the appellate appendix, and travel expenses associated with oral argument. ECF Nos. 225-16, 225-17.

Defendant disputes Plaintiff's request for $16,674.83 in jury consultant and mock trial expenses. "Payment to litigation consultants to conduct mock trials, focus groups, for jury consulting, or similar work may be properly awarded where the nature of the case warrants." *Auraria Student Hous. at the Regency, LLC v. Campus Vill. Apartments, LLC*, No. 10-CV-2516-WJM-KLM, 2016 WL 8458776, at *7 (D. Colo. Aug. 5, 2016), *vacated on other grounds*, No. 10-CV-2516-WJM-KLM, 2017 WL 345664 (D. Colo. Jan. 24, 2017). The Court agrees that given the circumstances of the case, the use of a consultant to prepare for trial and assist in jury selection was reasonable. However, the Court concludes that the documentation provided by Plaintiff (ECF No. 225-20) does not provide any detail about what services the consultant provided. The invoice describes the provided service as "2 days of Consulting" and includes charges for the flight and hotel accommodation. *Id.* Nor does Plaintiff provide any detail beyond that "Culp employed a jury consultant to assist with trial preparation and strategy." ECF No. 225 at 15. Plaintiff also does not cite evidence showing that the rate paid to her consultant was reasonable or in keeping with market rates. Moreover, "[i]t is certainly possible to conduct effective mock trial or pretrial exercises without paying an expensive consultant." *Auraria Student Hous. at the Regency, LLC*, No. 10-CV-2516-WJM-KLM, 2016 WL 8458776, at *7. Given these considerations, while some expense for the consultant is warranted, the Court will exercise its discretion to allow only 30% of the claimed amount, or $5,002.45.

Finally, Defendant argues that Plaintiff should not recover the travel expenses that were incurred for her entire team to travel to and stay in Denver. Plaintiff's Motion seeks $12,430.02 in travel expenses for attending in-person conferences with the Court, overnight accommodations, meals, and hotels during trial. *See* ECF Nos. 225 at 15, 225-16, 225-18. In her reply, Plaintiff reduced the request to $10,213.07. ECF No. 235 at 17. But Plaintiff has not shown that "these type of costs are 'normally billed to a private client in the local area.'" *Vialpando v. Johanns*, 619 F. Supp. 2d 1107, 1130 (D. Colo. 2008) (quoting *Bee v. Greaves*, 910 F.2d 686, 690 (10th Cir. 1990)). Moreover, Plaintiff's general references to ECF No. 225-16 are insufficient to explain what travel costs are attributed to whom and for what. Thus, the Court declines to award expenses involving travel, parking, or meals.

The remaining expenses are not challenged by Defendant and the Court finds them reasonable. Accordingly, with the reductions explained above, the Court awards Plaintiff $16,554.92 in expenses.

### F. Post-Judgment Interest

Plaintiff also requests post-judgment interest pursuant to 28 U.S.C. § 1961(a). ECF No. 226. Defendant does not oppose the request, and the Court finds an award of post-judgment interest is proper.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Attorneys' Fees and Expenses, ECF No. 225, is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's Motion for Post-

Judgment Interest, ECF No. 226, is **GRANTED**. The Clerk of Court is directed to amend the Final Judgment, ECF No. 223, to reflect that judgment shall be entered in favor of Plaintiff and against Defendant in the amount of $216,112.71 in attorneys' fees and $16,554.92 in expenses, for a total of $232,667.63, as well as post-judgment interest at the rate set by 28 U.S.C. § 1961.

DATED: September 23, 2026

BY THE COURT:

REGINA M. RODRIGUEZ

United States District Judge